Len MARTUCCI, Petitioner–Appellant,

v.

STATE of Tennessee, Respondent–Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

May 25, 1993.

J. Michael Clement, Trial Court, Clinton and John C. Burgin, Jr., Appellate Court, Knoxville, for petitioner-appellant.

Charles W. Burson, Atty. Gen., John B. Nisbet, III, Asst. Atty. Gen., and Jan Hicks, Asst. Dist. Atty. Gen., for respondent-appellee.

*OPINION*

WILLIAM S. RUSSELL, Special Judge.

Len Martucci is serving a life sentence for the first degree murder of Patricia Miles in

Anderson County on January 19, 1988. He appealed the conviction to this court and the judgment of the trial court was affirmed on April 3, 1990.

On September 18, 1991, Martucci filed *pro se* a 185 page typewritten petition for post-conviction relief and also moved the court for the appointment of counsel.

On September 20, 1991, the trial court appointed J. Michael Clement, a member of the Anderson County bar, to represent the petitioner. A status hearing was set for December 13, 1991. On that date, Mr. Clement reported to the court that the only alleged constitutional rights deprivations in the conviction process that he found in reviewing the petition had to do with prosecutorial misconduct and ineffective assistance of counsel, and that these were the only issues that counsel would be relying upon. The court said:

Mr. Clement, I am going to give you until February 14th to address specifically those areas of constitutional question. Mrs. Hicks, he will address those and, of course, you can file an answer as well. And you can see whether or not there is any evidentiary hearing required.

Whereupon, Mr. Clement said to the court:

Well, I will contact Mr. Martucci by letter and tell him that I am going to pare this down.

\* \* \* \* \* \*

On February 14, 1992, the matter was called up as scheduled. Mr. Clement said:

In the case of Mr. Martucci, the one issue of ineffective counsel is 40 pages and it is very specific and very specific instances of fact which I delineated. I mean, I didn't know what else he could do, except trash the rest of it and just use the ineffective assistance of counsel. I, to be honest with you, most of it was, most of the remaining 160 pages are things that I felt were appeal, direct appeal issues. But I believe he has been very specific, as specific as he can be on the statements of fact regarding ineffective assistance of counsel.

Apparently, from the dialogue that followed, no amended petition had been filed, but Mr.

Clement reported, "Well, he's pulled out those pages."

At that point, the Assistant District Attorney General, Mrs. Jan Hicks, stated that she had spot checked the petition and it was "just complete and utter redundancies." Thereafter, the trial judge instructed her to draw an order of dismissal. The Court commented:

So, you know, maybe I am committing a mistake here as far. as procedure is concerned, but I do not think that we ought to be inundated with 200 pages of xeroxed parody of grounds.

The dismissal order states as its basis "failure of defendant to amend his petition which comprises 185 pages full of redundancies to state 'briefly and clearly' his claims as required by statute and by the Court."

Martucci filed a *pro se* notice of appeal, and this Court appointed John C. Burgin, Jr., of the Knoxville bar to prosecute this appeal.

■ Appellant's counsel contends that a trial court may not dismiss a petition for post-conviction relief solely because the petition is lengthy and some of the issues are previously determined or waived where at least one ground in the petition is cognizable.

The State concedes that an issue of ineffective assistance of counsel is presented by the petition, but that the trial judge properly dismissed the petition when it was not pared down for the petitioner by appointed counsel.

We hold that counsel appointed in the trial court should have been required to file an amended petition, and that the inartfully drafted *pro se* petition which admittedly presented a ground which called for an evidentiary hearing should not have been summarily dismissed.

■ The procedures involved are clearly set out in our statutes. A petition that briefly and clearly states an abridgement in some way of a right guaranteed by the Constitution of Tennessee or the Constitution of the United States in the conviction or sentencing process is the first step. *Tennessee Code Annotated* §§ 40–30–104(a), 40–30–105. Note the requirement of brevity and clarity.

Obviously, inartfully drafted *pro se* petitions were and are expected. For that rea-

son, *Tennessee Code Annotated* § 40–30–107 provides that no petition for relief shall be dismissed for failure to follow the prescribed form or procedure until after the judge has given the petitioner reasonable opportunity, *with the aid of counsel,* to file an amended petition. It is not compliance with this statute to appoint an attorney who then never reduces a petition which sets out an alleged constitutional rights violation to brief and clear form and for that failure dismiss the petition for verbosity and redundancy. The procedural concept of the Post–Conviction Procedure Act is that, in the circumstances of this case, appointed counsel should edit the petition, succinctly and clearly restating the facially meritorious plaints of constitutional rights deprivations in the conviction and/or sentencing process.

If and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing. *Tennessee Code Annotated* § 40–30–109. *Stokely v. State,* 4 Tenn.Cr.App. 241, 470 S.W.2d 37 (1971). This court has said that great caution should be exercised in the making of this judgment, and consideration given to the provisions of T.C.A. § 40–30–107, which provides that no dismissal shall be ordered for defects in form or procedure until there has been a counsel-aided, reasonable opportunity to amend; and T.C.A. § 40–30–115, which provides that no petition shall be dismissed for technical defects, incompleteness or lack of clarity until the petitioner has had reasonable opportunity, with the aid of counsel, to file amendments. *Cureton v. Tollet,* 477 S.W.2d 233 (Tenn.Crim.App.1971).

The practical application of the law may be summarized by saying that a clear but patently non-meritorious petition may be dismissed summarily. A petition which is unclear to the extent that it cannot be so dismissed calls for the appointment of counsel, whose duty it is to communicate with the petitioner and determine if any valid ground or grounds are said by the petitioner to exist. If so, the petition should be amended and clarified. Amendments in such cases should

encompass all claims, as the Act contemplates only one post-conviction petition except in extraordinary instances. T.C.A. §§ 40–30–111, 40–30–112(b)(1).

This Court is very conscious of the burdens caused courts at all levels by the filing of inartful, redundant, verbose, repetitious and largely meritless petitions for post-conviction relief. Dealing with them in accordance with established procedures, burdensome and unpleasant as it often is, constitutes the price that our justice system exacts from those of us in the system to assure that no convict has been deprived of a constitutional right in his or her conviction and sentencing process. Often false allegations are made that result in a trip to court for the convict, which trip alone constitutes the motivation for the false allegations. Ineffective assistance of counsel is often alleged for this apparent purpose. But despite the burdens placed upon the justice system by the Post–Conviction Procedure Act, it is a necessary safeguard against those rare instances when constitutional rights have been denied in the conviction or sentencing process.

This Court has reviewed the 185 page petition filed in this case. Appointed counsel should communicate with Mr. Martucci and explain to him why most of what he filed is inappropriate, ferret out the facially meritorious factual allegations that, if true, would amount to constitutional rights deprivations, withdraw the 185 page petition and substitute a succinct statement of petitioner's claims, including any additional claims that counsel and/or Mr. Martucci may now perceive. The concept behind post-conviction petitions, as heretofore pointed out but which can stand repetition, is that all claims of constitutional rights deprivations in the conviction or sentencing process be addressed in one petition.

We make no judgment as to the legal sufficiency of any of the allegations of the *pro se* petition as filed. The State concedes that an issue of the ineffective assistance of counsel is raised. That being the case, the petition should not have been dismissed.

The judgment of dismissal of the petition is reversed, and the case is remanded to the trial court. Attorney J. Michael Clement

shall again represent the petitioner and this case shall proceed in a manner consistent with this opinion.

DWYER, Panel P.J., and ANN LACY JOHNS, Special Judge, concur.