IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1995 SESSION

FILED

October 24, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

LEN MARTUCCI,                )
                             )
        Appellant,           )        No. 03C01-9412-CR-00438
                             )
                             )        Anderson County
v.                           )
                             )        Honorable James B. Scott, Jr., Judge
                             )
STATE OF TENNESSEE,          )        (Post-Conviction)
                             )
        Appellee.            )


For the Appellant:                    For the Appellee:

J. Michael Clement                    Charles W. Burson
210 Charles Seivers Blvd.             Attorney General of Tennessee
Clinton, TN 37716                          and
                                      John Patrick Cauley
                                      Assistant Attorney General of Tennessee
                                      450 James Robertson Parkway
                                      Nashville, TN 37243-0493

                                      James N. Ramsey
                                      District Attorney General
                                           and
                                      Jan Hicks
                                      Assistant District Attorney General
                                      Anderson County Courthouse
                                      Clinton, TN 37716


OPINION FILED:_____



AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Len Martucci, appeals as of right from the Anderson County Criminal Court's denial of his petition for post-conviction relief after an evidentiary hearing. The petitioner has filed a somewhat rambling, ninety-five-page brief in this court raising a panoply of issues. Essentially, the petitioner argues that he is entitled to post-conviction relief for the following reasons:

> (1) the trial court failed to hold a sentencing hearing;
>
> (2) the first degree murder jury instruction that was given at his trial is constitutionally deficient under State v. Brown, 836 S.W.2d 530 (Tenn. 1992);
>
> (3) the court inadequately charged the jury on the state's burden of proof;
>
> (4) judicial and prosecutorial misconduct violated his due process rights;
>
> (5) he received the ineffective assistance of counsel;
>
> (6) the petitioner was denied his choice of counsel;

Having found no reversible error, we affirm the judgment of the trial court.[1]

The petitioner was convicted of first degree murder in December 1988, and sentenced to life imprisonment. This court affirmed his conviction. State v. Len Martucci, No. 213, Anderson County (Tenn. Crim. App. Apr. 3, 1990), app. denied (Tenn. July 2, 1990). In September 1991, the petitioner filed a pro se petition for post-conviction relief. The trial court dismissed the petition after appointed counsel failed to amend it. This court reversed the dismissal and remanded the case in order for the petitioner's counsel to amend the petition. Martucci v. State, 872 S.W.2d 947 (Tenn. Crim. App. 1993). The petitioner now appeals the trial court's denial of his amended petition for post-conviction relief.

_____

[1] Although the trial court failed to set forth specific factual findings with respect to each of the petitioner's claimed grounds for relief as required under T.C.A. § 40-30-118, a remand is unnecessary given the state of the present record. See State v. Swanson, 680 S.W.2d 487, 489 (Tenn. Crim. App. 1984).

2

At the post-conviction evidentiary hearing, the attorney initially retained by the petitioner to represent him testified that he felt compelled to withdraw from representing the petitioner because the attorney believed he could be a witness in the petitioner's trial. He recalled that the trial court held a hearing to determine whether he had material evidence to offer as a witness. Although he originally believed that he would have nothing to offer as a witness at the petitioner's trial, he explained that it became apparent to him as the hearing progressed that he could not continue to represent the petitioner.

The attorney who represented the petitioner at trial and prepared his appellate brief also testified at the post-conviction hearing. She said that the petitioner was unhappy with her while she was representing him because she used her professional judgment instead of doing everything exactly the way he wanted it done. She said that she told the court about the petitioner's concerns and requested that the petitioner be appointed an additional attorney, but the court refused.

With respect to her investigation of the petitioner's case, the petitioner's trial attorney testified that she traveled to Tyler, Texas, and spoke to a number of potential witnesses that she learned about from the petitioner or through discovery. She said that she also visited the crime scene but that she did not take pictures or measurements of the crime scene. She said that she did not measure the crime scene because she thought the measurements may have worked against the defense. She recalled that she had asked one of the investigating police officers to accompany her to the crime scene but that he had refused to do so without the prosecutor's permission. Although she reviewed all the physical evidence that she gained through discovery, she admitted that she did not provide the defendant with a copy or photograph of each piece of evidence. She said that she met with the petitioner numerous times before his

3

trial and estimated that she spent no less than twenty-five or thirty hours talking to the petitioner in preparation for the trial.

The attorney remembered that during the petitioner's trial, the state had a box and at least one bag of evidence that was visible to the jury before it was introduced into evidence. She explained that she and the petitioner knew that the containers held items that had been seized from the petitioner's car. She said that she thought the display of the containers of evidence that had not yet been admitted was prejudicial and that she brought her concerns to the trial court's attention.

The petitioner's trial attorney also testified that she objected to the state's use of mug shots of the petitioner that were attached to a police report. She recalled that the trial court sustained her objection and that the prosecuting attorney disobeyed the trial court's instruction by failing to remove the photographs from the report before using it to impeach the petitioner. She said that she did not request a curative instruction or that the jury be polled when the prosecutor disobeyed the court's instruction because she did not want to draw attention to the photographs. She also stated that she had no reason at that time to think that any juror had seen the photographs.

The attorney testified that she met with the petitioner two or three times while she was preparing his direct appeal and that she also had quite a bit of correspondence with the petitioner. She said that she reviewed each of the letters that the petitioner sent her to determine whether they contained anything that needed to go in his appellate brief. She explained that she did not include every issue the petitioner wanted to raise in the brief because some of the issues he wanted her to raise were unsupported by the facts or law.

4

The attorney who orally argued the petitioner's case testified that he was assigned to the petitioner's case after the appellate brief had been filed. He said that he familiarized himself with the record and argued the issues that were raised in the brief. In his review of the record, he did not find any issues that had not been raised that would have changed the outcome of the appeal. Although he said that he read correspondence that contained the petitioner's concerns, he could not recall whether he factored the petitioner's concerns into his argument.

The petitioner also testified at the post-conviction hearing. He said that he was dissatisfied with his trial attorney's representation of him. He said that he never requested appointed counsel and denied that he was indigent at the time of trial. He said that his trial counsel did not provide him with copies of the information she received through discovery. He also complained because she failed to request a curative instruction when at least four members of the jury were exposed to his mug shots while he was being cross-examined. He said that she also failed to request a curative instruction when he invoked his Fifth Amendment right while he was testifying and when a police officer made disparaging facial expressions during the petitioner's testimony.

The petitioner admitted that he had the opportunity during his testimony to say everything he wanted to say about the shooting. However, he said that three suicide letters he had written should have been introduced at his trial. He explained that the three letters would have placed a letter that the state introduced at trial in context.[2] The petitioner also stated that he never talked to the attorney who orally argued his direct appeal. Although the petitioner recalled that the attorney sent him letters regarding when his case was to be argued, the petitioner said that he did not know whether the attorney incorporated his suggestions into the argument.

---

[2] The letters are not part of the record on appeal.

In making its ruling, the trial court divided the petitioner's allegations into four categories: ineffective assistance of counsel, errors of the trial court, jury instruction errors, and prosecutorial misconduct. With respect to the petitioner's ineffective assistance of counsel claim, the trial court held that the petitioner failed to establish that his counsel performed deficiently and prejudiced the outcome of the verdict.

Regarding the petitioner's allegations of trial court error, the court held that some of the issues the petitioner raised were previously determined in his direct appeal and that petitioner waived some issues. The court noted that the record supports the trial court's appointment of counsel even though no formal indigency hearing was held.

The court also refused to grant post-conviction relief based on alleged jury instruction errors and allegations of prosecutorial misconduct. The court concluded that the jury instruction errors did not rise to a constitutional level so as to warrant post-conviction relief. Relative to the petitioner's allegations of prosecutorial misconduct, the court ruled that the petitioner failed to demonstrate that he was prejudiced by any of the alleged misconduct and that some of the petitioner's allegations of prosecutorial misconduct had been previously determined during his direct appeal.

## I. DENIAL OF SENTENCING HEARING

The petitioner contends that his constitutional rights were violated by the trial court's failure to hold a sentencing hearing. This court ruled against the petitioner on this issue during his direct appeal. State v. Len Martucci, slip op. at 12. Accordingly, the issue has been previously determined and is not a proper ground for post-conviction relief. See T.C.A. § 40-30-311 (1990); House v. State, 911 S.W.2d 705 (Tenn. 1995), cert. denied, 116 S. Ct. 1685 (1996).

6

## II. FIRST DEGREE MURDER JURY INSTRUCTION

The petitioner relies on <u>State v. Brown</u>, 836 S.W.2d 530, 543 (Tenn. 1992), to contend that his due process rights were violated by the jury instructions given at his trial regarding the elements of premeditation and deliberation. However, this court has refused to apply <u>Brown</u>'s holdings retroactively, <u>see</u>, <u>e.g.</u>, <u>Lofton v. State</u>, 898 S.W. 2d 246, 250 (Tenn. Crim. App. 1994), and we refuse to do so in this case.

## III. REASONABLE DOUBT JURY INSTRUCTION

_____Next, the defendant contends that the reasonable doubt instruction given at his trial violated his due process rights. The trial court gave the following reasonable doubt instruction at the petitioner's trial:

> The burden of proof rests upon the state to establish the guilt of the defendant beyond a reasonable doubt and a finding of guilt is not warranted unless this burden is sustained. A conviction cannot be based on conjecture, suspicion or a mere belief that the defendant is guilty of the crime charged. Each juror must find the defendant guilty beyond a reasonable doubt.

> Reasonable doubt is not a mere possible doubt because everything relating to human affairs is open to some possible or imaginary doubt. It is an honest doubt engendered after an investigation of all the evidence and an inability after such investigation to let the mind rest easily as to the moral certainty of guilt. And this certainty is required as to every essential element of the crime charged or included in the indictment.

This is an adequate statement of the state's burden of proof for criminal trials in Tennessee. <u>See</u>, <u>e.g.</u>, <u>Nichols v. State</u>, 877 S.W.2d 722, 734 (Tenn. 1994); <u>State v. Sexton</u>, 917 S.W.2d 263, 266 (Tenn Crim. App. 1995); <u>Pettyjohn v. State</u>, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994); <u>State v. Hallock</u>, 875 S.W.2d 285, 294 (Tenn. Crim. App. 1993). Thus, the use of this instruction at the petitioner's trial did not amount to a violation of his due process rights.

_____

7

## IV. JUDICIAL AND PROSECUTORIAL MISCONDUCT

Next, the petitioner contends that his due process rights were violated through judicial and prosecutorial misconduct. Although the defendant phrases the issue in terms of both judicial and prosecutorial misconduct, he devotes most of his argument to allegations of prosecutorial misconduct. Many of the prosecutorial misconduct claims that the petitioner raises are not proper grounds for post-conviction relief because they were previously determined in his direct appeal. See State v. Len Martucci, slip op. at 10-12. With respect to the other prosecutorial misconduct allegations,[3] the petitioner has failed to demonstrate that the prosecutor's actions were improper or that he was prejudiced by the alleged misconduct.

The allegations of judicial misconduct the petitioner raises relate to the trial judge's failure to recuse himself from presiding at the post-conviction hearing, the pretrial bond that the trial court set and the trial court's failure to give a curative instruction after the prosecuting attorney disobeyed a court ruling about removing mug shots from a police report before the report was used to impeach the petitioner. The petitioner is not entitled to relief on any of these claims.

The petitioner contends that the trial judge should have recused himself from presiding over the post-conviction hearing. He asserts that the trial judge's impartiality at the post-conviction hearing might reasonably be questioned because the judge had personal knowledge of disputed evidentiary facts. Although the judge had

---

[3] Aside from the prosecutorial misconduct claims that the petitioner raised during his direct appeal, the petitioner contends that the state gave the trial court incorrect information about the petitioner, made incorrect statements concerning the petitioner's financial condition, improperly planned to call the petitioner's retained attorney as a witness, failed to supply the petitioner with discovery, housed members of the jury, the victim's family, and the state witnesses together, allowed inconsistencies or hearsay in the testimony of some of the state's witnesses, seated the victim's friends and family members close to the jury, called an ex-employee of the hotel where the petitioner had stayed to testify rather than calling a different hotel clerk, improperly questioned the defendant about his financial condition, proffered expert testimony on intoxication, credited the state's witnesses and disparaged the defense witnesses during its closing argument, misstated the evidence during closing argument, misstated the law during closing argument, prevented the defendant from receiving a sentencing hearing, and introduced video tapes at the hearing on the motion for new trial.

been subpoenaed to testify at the post-conviction hearing, he quashed the subpoena because he concluded that the matters alleged in the post-conviction petition could be addressed by other witnesses and evidence within the court record. The petitioner has failed to offer any proof on this issue other than the fact that the judge presided at his trial. Under these circumstances, we cannot say that the trial judge abused his discretion by refusing to recuse himself from presiding over the post-conviction hearing.

The petitioner's complaints about excessive pretrial bond are not proper grounds for post-conviction relief as presented. This court rejected the petitioner's claim that his bail was excessive in his direct appeal. State v. Len Martucci, slip op. at 3. Moreover, post-conviction relief is only available when the abridgement of a constitutional right causes a defendant's conviction or sentence to be void or voidable. See T.C.A. § 40-30-105. An excessive pretrial bond does not, by itself, make a defendant's conviction or sentence void or voidable and thus is not a basis for post-conviction relief. The petitioner fails to show both how his bond was excessive and how he was prejudiced in the case as a result of his bond.

Also, we do not believe that the petitioner is entitled to post-conviction relief based on the trial court's failure to give a curative instruction. The trial court scolded the prosecuting attorney when it realized that the report she handed the petitioner to impeach him had the petitioner's mug shots attached to it. When the prosecuting attorney offered to remove them, the trial court told her that he did not want them removed where they could be seen. The trial court then ordered the prosecutor to give it the report and to move on to something else. The record does not reveal how many jurors, if any, actually saw the photographs, although the petitioner stated at the post-conviction hearing that at least four jurors could have seen them. Under such circumstances, we are unable to say that a curative instruction was necessary. Thus, post-conviction relief on the issue is not warranted, because the trial court's failure to

9

give a curative instruction did not amount to a violation of the petitioner's constitutional rights that would make his conviction or sentence void or voidable.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that he received the ineffective assistance of counsel. Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution, State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989), and to the right to appellate counsel under the Fourteenth Amendment. Campbell v. State, 904 S.W.2d 594, 596 (Tenn. 1995); see Evitts v. Lucey, 469 U.S. 387, 105 S. Ct. 830 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will

10

not be measured by "20-20 hindsight").  Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance.  Deference is made to trial strategy or tactical choices if they are informed ones based upon adequate preparation.  See Hellard v. State, 629 S.W.2d at 9; United States v. DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct.  If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance.  Strickland v. Washington, 466 U.S. at 697, 104 S. Ct. at 2069.

Although the petitioner raises numerous claims of ineffective assistance of counsel,[4] he has failed to establish that his attorneys were deficient or that he was prejudiced by any of the alleged deficiencies.  Thus, he is not entitled to post-conviction relief on this ground.

## VI. DENIAL OF CHOICE OF COUNSEL

The petitioner contends that his due process rights were violated because he was denied his choice of counsel.  He argues that the trial court erred by appointing

---

[4] The petitioner contends that his appointed counsel was ineffective in her pretrial work on the case because she refused to withdraw from representing him, failed to secure a bond hearing and an indigency hearing, failed to investigate his indigency status, failed to procure expert testimony regarding intoxication, failed to adequately prepare to cross-examine the state's witnesses, failed to provide the defendant with copies of proof obtained through discovery, failed to thoroughly investigate the crime scene, failed to file interlocutory appeals, failed to advise the defendant about the attorney-client privilege, ordered transcripts of the pretrial hearings only fifteen days before trial, failed to file a motion for a change of venue, and failed to seek recusal of the trial judge.

The petitioner contends that his counsel was ineffective at trial because she failed to effectively cross-examine the state's witnesses, failed to request statements made by the state's witnesses before cross-examining them, failed to consult with the defendant to see if he wanted her to ask any more questions of the state's witnesses, failed to request curative instructions or poll the jury after the jury was improperly exposed to the petitioner's mug shots, failed to request other curative instructions, and failed to object to the trial judge's participation in the introduction of a photograph of the victim.  With respect to his appellate counsel, the petitioner contends that his counsel was ineffective for failing to disclose police contact with a witness, failing to file affidavits of complaint against the trial judge, the assistant attorney general and the court clerk, and because the petitioner did not have adequate participation in the appeal.

the public defender to represent him at his trial without holding an indigency hearing. The petitioner's complaint about the trial court's failure to hold an indigency hearing was previously determined in his direct appeal. <u>State v. Len Martucci</u>, slip op. at 12. Moreover, the attorney the petitioner initially retained to represent him properly withdrew after he concluded that he may be called to testify against the petitioner. <u>See</u> Tenn. Sup. Ct. R. 8, DR-502. The petitioner is not entitled to post-conviction relief on this ground.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
David G. Hayes, Judge