# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### NOVEMBER 1997 SESSION



FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **RICKY LEE WOMAC,** | ) |
| | ) C.C.A. No. 03C01-9608-CR-00294 |
| Appellant, | ) |
| | ) McMinn County |
| V. | ) |
| | ) Honorable Mayo L. Mashburn, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) (Post-Conviction) |
| Appellee. | ) |

FOR THE APPELLANT:

Ricky Lee Womac, Pro Se
Northeast Correctional Center
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Peter M. Coughlan
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Jerry N. Estes
District Attorney General
203 E. Madison Avenue
P.O. Box 647
Athens, TN 37371

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Ricky Lee Womac, was convicted of facilitation to commit first degree murder. On direct appeal his conviction was affirmed by this Court. Thereafter, the appellant filed a petition seeking post-conviction relief. The trial court summarily dismissed the petition without an evidentiary hearing finding the allegations, even if taken as true, did not state a claim upon which relief could be granted. Approximately forty-seven days after the trial court's dismissal became final, the appellant filed a notice of appeal to this Court. Upon review, we affirm.

The state argues that the appellant did not timely file his notice of appeal in accordance with T.R.A.P. 4(a). Therefore, the state contends this appeal is time barred. We agree that the appellant did not timely file his notice of appeal. However, we see no prejudice accruing to the state in considering the appellant's allegations. Therefore, in the interest of justice, we waive the appellant's untimely filing. State v. Mullins, 767 S.W.2d 668 (Tenn. Crim. App. 1988).

The appellant alleges that he received ineffective assistance of counsel. Specifically, he claims that his trial counsel communicated to him through his mother, failed to investigate allegations that he had been beaten by jail officials, and failed to pursue claims of an illegal investigation of the crime scene.

It is well settled that a clear but patently nonmeritorious petition may be dismissed summarily. Martucci v. State, 872 S.W.2d 947 (Tenn. Crim. App. 1993). A petition which is unclear to the extent that it cannot be so dismissed requires the appointment of counsel. Id. at 949. If the appointed counsel determines that the appellant has a valid ground to proceed, he or she should file an amended petition. Id. Tenn. Code Ann. § 40-30-206(f) states that:

> Upon receipt of a petition in proper form, or upon receipt of an amended petition, the court shall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously

> determined, the petition shall be dismissed. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-206 (Supp. 1996)

Upon review of the petition, we find that the appellant's petition is artfully drafted. It alleges unambiguous claims as well as the facts to support these claims. Therefore, it is proper for summary disposition if the trial court correctly determines that the claims do not allege grounds upon which relief can be granted.

The appellant's allegation regarding his alleged beating by jail officials occurred after his trial and convictions. The trial court was correct in finding that this allegation is irrelevant in determining whether the appellant received effective trial representation. The appellant also alleges that his trial attorney communicated with him through his mother. He does not allege that his attorney failed to communicate with him; he simply objects to the attorney's channel of communication. This claim fails to allege any harm or prejudice suffered by this type of consultation. Next, the appellant alleges that "although the subject [the illegal investigation of the crime scene] was presented at trial, counsel refused to pursue the subject in the Court of Criminal Appeals." This allegation clearly illustrates the appellant's dislike of the outcome concerning this issue, but does not prove that he received ineffective assistance of counsel.[1]

Upon consideration of the appellant's issues, this Court finds that the trial court was correct in summarily disposing of the appellant's petition. None of the

---

[1] Although the trial transcript is not before us, we note that the post-conviction hearing judge also presided over the appellant's trial. In his written order dismissing the appellant's petition, he stated that he had reviewed the 1,411 page record of the appellant's trial. He found that the appellant's attorney filed 16 pretrial motions on the appellant's behalf. Furthermore, he stated that the appellant's attorney "demonstrated a degree of preparation equal to or above any defense attorney this Court has encountered in 10 years of trying criminal cases."

allegations, even if proven true, would demonstrate that the appellant received ineffective assistance of counsel.

AFFIRMED

-4-

_____
PAUL G. SUMMERS, Judge

CONCUR:

_____
JOSEPH B. JONES, Presiding Judge

_____
J. CURWOOD WITT, JR., Judge