# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 11, 2011

## STATE OF TENNESSEE v. CHRISTOPHER JAKE REYNOLDS

**Appeal from the Circuit Court for Giles County**
**No. 11240    Jim T. Hamilton, Judge**

---

**No.  M2010-00607-CCA-R3-CD - May 23, 2011**

---

Appellant, Christopher Jake Reynolds, was indicted by the Giles County Grand Jury in October of 2003 for two counts of selling .5 grams or more of cocaine.  After a jury trial in June of 2005, Appellant was found not guilty of Count One and guilty of the lesser included offense of possession of .5 grams or more of cocaine with the intent to sell in Count Two.  Appellant was sentenced to thirty years as a Career Offender.  A motion for new trial was denied.  Nearly one and a half years later, Appellant sought a delayed appeal and post-conviction relief on the basis he received ineffective assistance of counsel because his trial counsel had been disbarred.  The trial court found that it was without jurisdiction to consider Appellant's claims.  Appellant seeks relief in this Court.  After a review of the record, we conclude that Appellant's claims are barred by the statute of limitations and that he has failed to establish a reasonable explanation for the delay that would justify the tolling of the statute of limitations for purposes of a delayed appeal or post-conviction relief.  Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Christopher Jake Reynolds, Pro Se, Nashville, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; Mike Bottoms, District Attorney General, and Beverly White, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Factual Background*

The circumstances leading to Appellant's underlying conviction are not entirely relevant to the issues presented before this Court on appeal. Suffice it to say, Appellant was convicted of possession of .5 grams or more of cocaine with the intent to sell by a Giles County Jury and sentenced to thirty years in incarceration as a Career Offender.

Before we determine the merits of Appellant's case, we must determine whether to hear Appellant's untimely appeal. Appellant was sentenced by the trial court on September 23, 2005, to thirty years as a Career Offender. Appellant filed a motion for new trial on October 26, 2005. While not noted by either party, from our review of the record, it appears the motion for new trial was untimely. The judgment form was "entered" on Friday, September 23, 2005. From that date, Appellant had thirty days to file his motion for new trial. Tenn. R. Crim. P. 33(b). To calculate the 30 days, the date the judgment was entered is not included and the period begins the following day. Tenn. R. Civ. P. 6.01. The last day of the time period is included unless it is a Saturday, Sunday, or legal holiday. Tenn. R. Civ. P. 6.01. Because the time period is thirty days, intermediate Saturdays, Sundays, and legal holidays are included. Tenn. R. Civ. P. 6.01. Accordingly, the deadline for filing the motion for new trial was, by our calculations, Monday, October 24, 2005. Appellant did not file his motion for new trial until October 26, 2005, two days after the deadline. The trial court went on to hold a hearing on the untimely motion for new trial, denying it on August 15, 2008. Clearly, Appellant's motion for new trial, filed more than thirty days after the judgment, was untimely, and the trial court lacked jurisdiction to hear it. In other words, the trial court had no power to hear Appellant's untimely motion for new trial, and the order issued denying a new trial was a nullity. *State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997); *State v. Stephens*, 264 S.W.3d 719, 728 (Tenn. Crim. App. 2007).

Subsequently, on January 21, 2010, nearly one-and-a-half years after the denial of the motion for new trial, Appellant filed petitions in the trial court seeking a delayed appeal, post-conviction relief, and a renewed motion for new trial. Appellant argued that "after his motion for new trial his attorney . . . was disbarred from practicing law in the state of Tennessee and . . . never did file an appeal on behalf of [Appellant]." Appellant claimed that the errors and inaction of trial counsel amounted to ineffective assistance of counsel. The trial court denied these pleadings on February 26, 2010, finding that it had lost jurisdiction over Appellant's case thirty days after the denial of the motion for new trial. Appellant filed

a notice of appeal on March 9, 2010.[1]  On appeal, the State argues that the trial court properly dismissed the petitions as untimely.  Appellant's argument, filed pro se, is an attack on his convictions and sentence, making no mention of the timeliness of his appeal or whether the statute of limitations for a post-conviction proceeding should be tolled.

After judgment was entered, Appellant's action, or inaction, caused a chain reaction of sorts.  The untimely motion for a new trial did not toll the thirty-day filing period for a notice of appeal, *see* Tenn. R. App. P. 4(c), or the one-year statute of limitations for the filing of a post-conviction petition.  T.C.A. § 40-30-102(a).

We agree with the State that Appellant's petitions for relief in the form of a delayed appeal and/or post-conviction relief are untimely.  They were filed more than one year after the judgment became final.  It is well-settled that the statute of limitations for post-conviction relief applies to delayed appeals as well, as petitioner must comply with the Post-conviction Procedure Act to obtain a delayed appeal. T.C.A. § 40-30-102; *Handley v. State*, 889 S.W.2d 223 (Tenn. 1994).  "[A] person in custody under a sentence of a court of this state must petition for post-conviction relief [or a delayed appeal] within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. . . ."  T.C.A. § 40-30-102(a).  The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." *Id.*  It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." *Id.*  In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. *See* T.C.A. § 40-30-106(b). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." T.C.A. § 40-30-109(a).  Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." *Martucci v. State*, 872 S.W.2d 947, 949 (Tenn. Crim. App.1993) (citing T.C.A. § 40-30-109; *Stokely v. State*, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

Tennessee Code Annotated section 40-30-102(b) sets out three exceptions to the statute of limitations for petitions for post-conviction relief.  The exceptions to the statute of

---

[1] This notice appears in the file of this Court attached to a letter from the trial court but does not appear in the technical record.

limitations are explicitly limited to: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences enhanced because of convictions subsequently found to be illegal. T.C.A. § 40-30-102(b)(1)-(3). None of those exceptions apply herein. Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

*Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992) (citing *Logan v. Zimmerman Brush Co.*, 102 S. Ct. 1148, 1158-59 (1982)); *see also Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001) (quoting "meaningful time and manner" language from *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)).

The Post-Conviction Procedure Act also provides for a delayed appeal when the petitioner has been denied the right to an appeal from the original conviction. T.C.A. § 40-30-113(a). Supreme Court Rule 28, section 9(D) allows either a trial court or the Court of Criminal Appeals to grant a delayed appeal as post-conviction relief where the petitioner, through no fault of his own, was denied review following his direct appeal. A delayed appeal may only be granted through a post-conviction proceeding.

Here, Appellant's judgments became final in 2005, because no appeal was taken after the judgments were entered and, as noted above, the trial court improperly ruled on an untimely motion for new trial. The current petitions and motions were not filed until January 21, 2010. Appellant has not alleged that any of the exceptions are applicable to his case. Appellant argues that due process requires the tolling of the statute of limitations because his attorney was disbarred, but the scant record does not demonstrate any due process concerns that would require a tolling. In fact, the record indicated that counsel for Appellant was suspended from the practice of law for eighteen months beginning in March of 2009. It is unclear from the record when Appellant first learned of the suspension. The first mention of the suspension in the record is in a letter dated September 3, 2009, in which Appellant sought appointment of counsel due to disciplinary action being taken against trial counsel. On that same date, Appellant filed motions asking for transcripts and the record. Appellant also sent a letter to the Clerk of the Supreme Court in order to determine if trial counsel had "file[d] an appeal." Appellant was notified by the clerk in October of 2009 that the only case shown for Appellant was a case from Giles County that ended in August of 2001. Appellant did not file the motion for delayed appeal and post-conviction petition until nearly four-and-

a-half months after he acknowledged that he knew of trial counsel's suspension from the practice of law. Appellant gives no explanation for this delay and makes no argument as to why the trial court should have tolled the statute of limitations.

In *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001), a petition for delayed appeal was summarily dismissed as untimely. 44 S.W.3d at 465-67. The supreme court determined that the petitioner was entitled to a hearing in order to determine whether due process demanded that the statute of limitations should be tolled. *Id.* at 468. The court determined that if the petitioner "through no fault of his own," was denied his due process rights to have a reasonable opportunity to assert his claims as a result of his "attorney's misrepresentation, either attributable to deception or other misconduct," and "was, in fact, misled to believe that counsel was continuing the appeals process," then petitioner would be entitled to a tolling of the statute of limitations. The case in *Williams*, was remanded for an evidentiary hearing to resolve the issue. The supreme court reasoned that it would be an "'abridgement of both direct and post-conviction avenues of appeal - without ever reaching the merits of the . . . case . . . [and] would be patently unfair'" if the court were to "summarily terminate [the petitioner's claim] without further inquiry." *Id.* (quoting *Crittenden v. State*, 978 S.W.2d 929, 932 (Tenn. 1998)).

This Court has refused to extend the holding of *Williams* to situations akin to Petitioner's which are distinguishable from *Williams*. In *Charles Ray Powell v. State*, No. M2009-01618-CCA-R3-PC, 2010 WL 4812765 (Tenn. Crim. App., at Nashville, Nov. 23, 2010), the petitioner appealed the summary denial of his petitioner for post-conviction relief as untimely. 2010 WL 4812765, at *1. Petitioner argued that his retained counsel did not withdraw from representation and "abandoned him prior to trial, during the guilt and penalty phases and deserted him during the appellate processes." *Id.* at *2. This Court declined to grant the relief set forth in *Williams* to *Powell's* case, finding that there was nothing in the record to "support or explain [p]etitioner's claims that he believed, for nine years, that his counsel intended to file a Rule 11 application or continue to represent him after the decision of this court [on direct appeal]." *Id.* Further, this Court noted that petitioner did not state how he was "misled" and failed to provide "anything to support his claim" including "any evidence of communications . . . that would suggest that his attorney made any misrepresentations to him about the status of his case." *Id.* This Court upheld the dismissal of the petition and determined that an evidentiary hearing, as contemplated in *Williams*, was unwarranted in petitioner's case. *Id.*; *see also Joshua Jacobs v. State*, No. M2009-02265-CCA-R3-PC, 2010 WL 3582493, at *3-4 (Tenn. Crim. App., at Nashville, Sept. 15, 2010) (holding that petitioner was not entitled to tolling of statute of limitations where there was no showing of a due process violation); *Dennis Jarrett v. State*, No. W2006-02033-CCA-R3-PC, 2007 WL 2120182, at *2-3 (Tenn. Crim. App., at Jackson, Jul. 24, 2007), *perm. app. denied*, (Tenn. Oct. 22, 2007) (determining that petitioner was not entitled to hearing on

timeliness of post-conviction petition where record did not demonstrate petitioner was misled by trial counsel and petitioner demonstrated knowledge of appeal process as evidenced by prior appeal).

We agree with the analysis in *Charles Ray Powell* and *Dennis Jarrett*. In the case herein, there are no allegations made by Appellant as to misrepresentations of trial counsel. In fact, Appellant merely alleges that the fact that trial counsel was suspended from the practice of law four years after Appellant's conviction should excuse the timeliness of his petition and allow him to seek a delayed appeal. In the record before this Court, there is nothing to indicate that Appellant believed, in the four years following his conviction, that trial counsel intended to file a direct appeal on Appellant's behalf. Further, there is no allegation by Appellant that he was misled by trial counsel. In fact, there is no record of communication between trial counsel and Appellant that would suggest trial counsel made any assertions about continued representation of Appellant after conviction. We note also that before his 2005 conviction, Appellant appealed a prior conviction and, thus, should have been aware of the procedural requirements for filing post-trial motions. *See State v. Christopher Jake Reynolds*, No. M2000-00210-CCA-R3-CD, 2001 WL 543443 (Tenn. Crim. App., at Nashville, May 23, 2001). Based on the foregoing and the record as a whole, we conclude that due process does not require that the statute of limitations for filing a post-conviction petition or delayed appeal should be tolled in this case. The petition for post-conviction relief was properly dismissed.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.


_____
JERRY L. SMITH, JUDGE