JAMES OLIVER STOKELY, Petitioner, v. STATE OF TENNESSEE, Respondent.—470 S.W.2d 37.

March 17, 1971.

Certiorari Denied by Supreme Court August 16, 1971.

Phillip P. Durand, Knoxville, for petitioner.

David M. Pack, Attorney General, Lance D. Evans, Assistant Attorney General, Nashville, for respondent.

DWYER, J.  James Oliver Stokely appeals from the judgment of the Criminal Court of Knox County dismissing his petition for post conviction relief without an evidentiary hearing.  He is presently confined in the penitentiary as a result of guilty pleas to committing the offenses of shoplifting, attempt to commit a felony and attempt to obtain a narcotic by fraud and deceit.  He was represented at his guilty plea hearing by court-appointed counsel.  He is represented in this record by another court-appointed counsel.

In Stokely's petitions he alleges the following grounds contending his convictions are void:

(1)  There was no evidence at the hearing, which allegation is repudiated by the record of the hearing filed in this cause as an exhibit;

(2)  There was no evidence on his person at the time of arrest, which allegation does not raise a constitutional question;

(3)  He was in fear at the time he signed the form styled "Plea of Guilty" which is in the record as an exhibit showing Stokely was advised of his rights by the court and his attorney and this form was signed by Stokely.  The transcript of the guilty plea hearing reflects the colloquy between the court and Stokely which

repudiates Stokely's contention. He was fully informed as to the consequences of his guilty plea;

(4) His attorney told him to plead guilty as he might get more time if he fought the cases, which contention does not rise to any constitutional dimension which would call for a hearing;

(5) The evidence uncovered came from a co-defendant and was used against him, which allegation is not of constitutional dimension and has been foreclosed by his guilty plea. See Reed v. Henderson, 385 F.2d 995 (6th Cir.);

(6) The co-defendant's sentence was suspended, therefore, he has been denied due process. The record reflects the co-defendant was a drug addict and the court withheld sentencing pending his admission to the Federal Narcotic Hospital in Lexington, Kentucky, which allegation of Stokely's does not rise to any constitutional deprivation and is no basis for an evidentiary hearing.

In view of the record and, in particular, the transcript of the guilty plea hearing showing Stokely was well aware of the consequences of his guilty plea, we find no allegation supported by any facts apparent in the petition of Stokely which calls for an evidentiary hearing.

■ We note that court-appointed counsel for Stokely maintains in this court that the intent and construction of the Post Conviction Procedure Act clearly indicates and commands *at least one evidentiary hearing* under the Act. He reasons that this petitioner and all others in a like capacity should be given the opportunity when filing

their petitions to be returned to the place of conviction and there confer with counsel so that all rights or claims could be properly incorporated into the petition.

He contends that our courts have consistently ignored the provisions of T.C.A. 40-3810. He reasons that T.C.A. 40-3809 should be read as a unified whole, with T.C.A. 40-3810 qualifying the provisions of T.C.A. 40-3809. To then get the true meaning of the Act would be to insert the word ''however'' as the second word in T.C.A. 40-3810. In substance, counsel urges that it was clearly the intent of the Legislature to provide under the mandate of T.C.A. 40-3810, petitioners with at least one evidentiary hearing. To construe the statute as counsel urges would in substance be to carry out his interpretation but then, by the same reasoning, it would defeat the language in T.C.A. 40-3809, which gives the trial court authority to dismiss when the files and record conclusively show petitioner is entitled to no relief.. In other words, counsel urges you cannot ignore the provisions of T.C.A. 40-3810, but to adopt his interpretation the court would have to ignore the provisions of T.C.A. 40-3809.

Counsel for petitioner has cited us with no authority sustaining his contention that the Act clearly and un-ambiguously conveys the Legislature's intent that peti-tioners are entitled to at least one evidentiary hearing. There are numerous authorities as cited by counsel which hold that the reverse of his urgings are to be found. To adopt this reasoning would be, in substance, to hold that when there is a trial or guilty plea the judgment is always contingent on at least one more guaranteed right to a

hearing under the Post Conviction Procedure Act. We think not.

The very purpose of counsel in court as commanded by our law is to see, advise and determine if petitioner is protected and accorded all constitutional guarantees at the time of trial or at the guilty plea hearing. To adopt the reasoning of counsel would subvert the primary duty and role of counsel in representing the accused when he must stand his turn before the bar of justice.

We further note in this petition petitioner states (1) that he would appreciate a speedy hearing; (2) that he desires to attend; (3) that his sentence be suspended until that hearing; (4) that he be provided with counsel of his choice and he names same; and (5) that no costs accrue to him. We feel the trial court must and should have some control over the petitions that are filed. He should and does have the authority to dismiss the ones which have no justifiable issue cognizable under the Post Conviction Procedure Act. See Floyd v. State, Tenn.Cr. App., 453 S.W.2d 418; Burt v. State, Tenn.Cr.App., 454 S.W.2d 182. We hold that T.C.A. 40-3809 and T.C.A. 40-3810 are in pari materia and in that light the intent is clearly ascertainable that the trial court may dismiss a petition as filed when the files and record conclusively show that he is entitled to no relief.

The judgment of the trial court in dismissing the petition without an evidentiary hearing is affirmed.

We commend counsel for his astuteness in representing the petitioner. We differ with counsel in his contentions

but we admire the zeal that he has shown for the prisoner.

Oliver and O'Brien, JJ., concur.