IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2008

## JAMES W. CLARK, JR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. 91-07308    James M. Lammey, Jr., Judge**

---

**No. W2007-01260-CCA-R3-PC**

---

The Petitioner, James W. Clark, Jr., appeals the trial court's denial of his petition for post-conviction relief on the basis that it was untimely. On appeal, the Petitioner contends that his claims fit into the narrow exceptions to the statute of limitations for post-conviction relief. Upon review, we conclude that no exceptions to the one-year statute of limitations apply and no facts exist that would require a tolling of the statute of limitations for due process concerns. Therefore, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

James W. Clark, Jr., Pikeville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William L. Gibbons, District Attorney General; and Betsy L. Carnesale, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

A Shelby County jury found the Petitioner guilty of two counts of attempt to commit first-degree murder, two counts of aggravated burglary, two counts of especially aggravated robbery, and three counts of theft of property over $1,000. He received a total sentence of 127 years. On October 20, 1993, this Court affirmed the Petitioner's convictions and sentences on direct appeal. On May 16, 1994, the Tennessee Supreme Court denied the Petitioner's application for permission to appeal. See State v. James Clark, No. 02C01-9206-CR-00149, 1993 WL 414015, at *1 (Tenn. Crim. App., at Jackson, Oct. 20, 1993), perm. to appeal denied (Tenn. May 16, 1994). On March 19, 2007, more than twelve years after the Tennessee Supreme Court denied his application for permission to appeal, the Petitioner filed a pro se petition for post-conviction relief, asserting several claims including: (1) the State did not provide a timely notice of its intent to seek enhancement of his sentence, (2) his sentences violated the Sixth Amendment in light of the United States Supreme Court's decision in Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), (3) he received ineffective assistance of counsel, (4) his confession was involuntary, (5) the officers' testimony about his statements

constituted hearsay, (6) the evidence was insufficient for his convictions, (7) the State relied on officers instead of ballistics experts to testify regarding the identification of a bullet, (8) his offenses were improperly consolidated in a single trial, (9) the State failed to disclose exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963), (10) his convictions violated double jeopardy, (11) the trial court erred in failing to instruct the jury on a lesser-included offense, and (12) the trial court was biased. On May 8, 2007, the trial court dismissed the petition as untimely. On May 29, 2007, the Petitioner filed a notice of appeal.

In his appeal to this court, the Petitioner argues that his claims, which vary slightly from those in his petition, fit into the narrow exceptions to the statute of limitations for petitions for post-conviction relief. In response, the State argues that the Petitioner's claims do not qualify as exceptions to the statute of limitations and that the post-conviction court properly dismissed his petition as untimely. We agree.

On direct appeal this Court provided a summary of the underlying facts in this case:

> On April 23, 1991, Ronald Honaker entered a Memphis pawn shop at approximately 11:30 a.m. and indicated that he had numerous items to sell. Honaker was wearing a distinctive Michael Jordan t-shirt which was later identified as one stolen, along with other items, from the homes of Dabney Shelton and Jacqueline Bland. The clerk accompanied Honaker outside to look at the items which were in the back of a black G.M. pick-up truck. The clerk became suspicious when he noticed that there were several television sets, Nintendo games, baseball gloves, and other items jumbled together under a rug. He also noticed James Clark sitting behind the steering wheel of the truck. Clark and Honaker had a short discussion regarding the price of the items in the truck.

> The clerk returned to the store and spoke to the manager who also went to inspect the items in the truck. The manager noticed that there was a purple cloth wrapped around the steering column of the truck. The price of the goods was again discussed with Honaker and Clark. In the meantime, the clerk called the police.

> While waiting for the police, the manager had the appellants carry the items into the pawn shop where he tested them to see if they were operable. Officer James Woods and Officer Charles Woods (no relation) arrived and apprehended Ronald Honaker as he was coming out of the pawn shop. Honaker was placed in the police car. Officer Charles Woods entered the pawn shop and came out with James Clark. After giving both suspects a "quick shake down" and locking them in the patrol car, the officers called for back-up assistance. Ultimately, the victims of the burglaries came to the pawn shop and identified their belongings and the truck. Shelton identified the t-shirt worn by Ronald Honaker as one belonging to her son. None of the victims had personal knowledge concerning the identity of the persons who had burglarized their homes.

Honaker and Clark, with their hands handcuffed behind their backs, were interviewed separately by the investigative team and then returned to the backseat of the patrol car for transport. At some point prior to leaving the parking lot, James Clark managed to free one hand. In Clark's possession was a .25 caliber pistol which Honaker later admitted he had taken from the home of one of the burglary victims.

Several blocks after leaving the pawn shop, Clark, who was seated behind the driver, James Woods, pulled out the pistol and shot Officer Charles Woods twice in the head. Clark then ordered Officer James Woods to pull over. The police officer swerved the cruiser into a parking lot, slammed on the brakes, and rammed into a trailer parked in the lot. As Officer James Woods jumped from the car, Clark shot the officer in the back of the head. Clark broke the window next to his elbow, opened the door, climbed into the driver's seat, and sped away. Officer James Woods fired a number of shots at the car as it left the lot.

As he drove away, Clark reached over and removed the revolver from Officer Charles Woods' holster and pointed it at the officer seated in the passenger seat next to Clark. Honaker, still handcuffed in the backseat, began yelling at Clark to shoot the officer, stop the car, and remove his handcuffs. Officer Charles Woods, who had not lost consciousness, managed to open the passenger door with his foot and, as the car made a sharp left turn, rolled out of the vehicle.

Clark and Honaker were apprehended a short time later without struggle from their hiding place under a roll of carpet beneath a viaduct. The .25 caliber pistol was in Clark's back pocket. He showed officers where he had thrown Officer Charles Woods' revolver. A few minutes later Clark spontaneously confessed to the arresting officer that he shot the officers to avoid going back to prison.

James Clark, 1993 WL 414015, at *1-2.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one year of the date on which the judgment becomes final. T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See T.C.A. § 40-30-106(b) (2006). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a) (2006). Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court

may properly dismiss the petition without the appointment of counsel or conducting a hearing." <u>Martucci v. State</u>, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (citing T.C.A. § 40-30-109; <u>Stokely v. State</u>, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

In this case, the Petitioner's convictions and sentences were affirmed by this Court on direct appeal on October 20, 1993, and the Tennessee Supreme Court denied the Petitioner's application for permission to appeal on May 16, 1994. At the time that the Petitioner's convictions became final on May 16, 1994, the statute of limitations for petitions for post-conviction relief was three years. T.C.A. § 40-30-102 (repealed 1995). On May 10, 1995, the new Post-Conviction Procedure Act became effective and reduced the statute of limitations for petitions for post-conviction relief from three years to one year. T.C.A. § 40-30-202(a) (Supp. 1995). The new 1995 Post-Conviction Procedure Act governed all petitions for post-conviction relief filed after May 10, 1995, including the petition filed in this case. Here, the Petitioner's convictions became final on May 16, 1994. Because the Petitioner's three-year statute of limitations under the old act had not expired on May 10, 1995, the effective date of the new act, the Petitioner's right to petition for post-conviction relief continued under the new act. <u>See</u> <u>Carter v. State</u>, 952 S.W.2d 417, 419-20 (Tenn. 1997). However, the Compiler's Notes to Tennessee Code Annotated section 40-30-201 state that under the new act a petitioner must file his petition for post-conviction relief within one year of the effective date of the new act:

> Acts 1995, ch. 207, § 3 provides that that act, which repealed the former chapter (see notes under part 1) and enacted this part, shall govern all petitions for post-conviction relief filed after May 10, 1995, and any motions filed after that date to reopen petitions for post-conviction relief which were concluded prior to May 10, 1995. Section 3 further provided that, <u>notwithstanding any other provision of this part to the contrary, any person having ground for relief recognized under this part shall have at least one (1) year from May 10, 1995, to file a petition or a motion to reopen a petition under this part.</u>

Compiler's Notes to T.C.A. § 40-30-201 (Supp. 1995) (emphasis added). In <u>Carothers v. State</u>, this court explained that the shortened statute of limitations still provides individuals in the same class as the Petitioner here the opportunity to make a claim for post-conviction relief:

> [E]ven though the new Act shortens the previous statute of limitations, it does provide those prisoners who were still within the prior three-year statutory period, such as the Petitioner in the case at bar, a reasonable opportunity to file for post-conviction relief after the effective date of the new one-year statutory period. <u>See</u> Compiler's Notes to Tenn. Code Ann. § 40-30-201 (referring to Acts 1995, ch. 207, § 3); <u>cf.</u> <u>Pacific E. Corp. v. Gulf Life Holding Co.</u>, 902 S.W.2d 946, 956-57 (Tenn. [Ct.] App. 1995) (citations omitted) (concluding that applying shortened statute of limitations to causes of action for usury not unjust). We can only conclude that the application of the one-year statute of limitations did not violate this Petitioner's due process rights.

980 S.W.2d 215, 218 (Tenn. Crim. App. 1997), no perm. to appeal filed. Therefore, the Petitioner was required to file his petition for post-conviction relief by May 10, 1996, which is one year from May 10, 1995, the effective date of the new act. See Compiler's Notes to T.C.A. § 40-30-201 (Supp. 1995); id. § 40-30-202(a) (Supp. 1995). Here, the Petitioner filed his pro se petition for post-conviction relief on March 19, 2007, more than ten years after the statute of limitations had expired.

Tennessee Code Annotated section 40-30-102(b) (2006) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. In Seals v. State, the Tennessee Supreme Court concluded:

> [B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that a potential litigant be provided an opportunity for the "presentation of claims at a meaningful time and in a meaningful manner." The test is "whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined."

23 S.W.3d 272, 277-78 (Tenn. 2000) (quoting Burford v. State, 845 S.W.2d 204, 207 (Tenn. 1992)) (internal citations omitted).

The Petitioner claims that the filing of his petition was untimely because he was unaware that his sentences violated the Sixth Amendment until the United States Supreme Court's decision in Blakely v. Washingon, 542 U.S. 296, 124 S. Ct. 2531 (2004). He claims his argument under Blakely constitutes an exception under Tennessee Code Annotated section 40-30-102(b)(1) (2006). However, this court has held that Blakely did not announce a new rule of law entitled to retroactive application in a post-conviction proceeding. Glen Cook v. State, No. W2006-01514- CCA-R3-PC, 2008 WL 821532, at *10 (Tenn. Crim. App., at Jackson, Mar. 27, 2008), perm. to appeal denied (Tenn. Sept. 29, 2008); Carl Johnson v. State, No. W2003-02760-CCA-R3-PC, 2005 WL 181699, at *4 (Tenn. Crim. App., at Jackson, Jan. 25, 2005); Donald Branch v. State, No. W2003-03042-CCA-R3-PC, 2004 WL 2996894, at *9-10 (Tenn. Crim. App., at Jackson, Dec. 21, 2004). Consequently, the Petitioner's argument that an alleged Blakely violation qualifies as an exception to the statute of limitations under section 40-30-102(b)(1) (2006) must fail.

The Petitioner also claims that he has received new evidence in the form of his co-defendant Honaker's fingerprints, Officer Woods' arrest record, the police car sign-out sheet, and ballistic tests. The Petitioner argues that the police car sign-out sheet and Officer Woods' arrest record "would have gone to credibility, and exculpatory evidence," Honaker's fingerprints "would have v[i]ndicated [the Petitioner] of the burglar[ies] and thefts," and "[t]he State relied on experts to give opinions without doing any testing on the bullets or the gun." This evidence does not qualify as new scientific evidence establishing his innocence; therefore, his claim does not fall within the exception to the statute of limitations under section 40-30-102(b)(2) (2006).

The Petitioner did not file his petition until March 19, 2007, more than ten years after the expiration of the statute of limitations. We conclude that, based on the record, no facts exist that would require a tolling of the statute of limitations for due process concerns and no other exceptions to the one-year statute of limitations apply. See Johnny L. McGowan, Jr. v. State, No. M2008-00244-CCA-R3-PC, 2008 WL 2229123, at *1 (Tenn. Crim. App., at Nashville, May 30, 2008), perm. to appeal denied (Tenn. Aug. 25, 2008), cert. denied, ___ U.S. ___ , 129 S. Ct. 607 (2008) (No. 08-6439); Kimberly Ruth Brown v. State, No. M2007-00128-CCA-R3-PC, 2008 WL 886302, at *2 (Tenn. Crim. App., at Nashville, Apr. 2, 2008), no perm. to appeal filed. We affirm the judgment of the post conviction court. Accordingly, the petition for post-conviction relief is dismissed as time barred.

### Conclusion

Based on the foregoing, the judgment of the post-conviction court is affirmed.

_____
CAMILLE R. McMULLEN, JUDGE

-6-