IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 26, 2009

**JEFFERY T. SILER, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Knox County**
**No. 90960    Mary Beth Leibowitz, Judge**

_____

**No. E2009-00436-CCA-R3-PC - Filed April 12, 2010**

_____

The Petitioner, Jeffery T. Siler, Jr., appeals the Knox County Criminal Court's summary dismissal of his petition for post-conviction relief as untimely.  On appeal, the Petitioner contends that due process considerations toll the one-year statute of limitations for post-conviction relief and entitle him to a delayed appeal.  Upon review, we reverse the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court**
**Reversed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and D. KELLY THOMAS, JR., J., joined.

Jeffery T. Siler, Pro Se, Only, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; and Clark B. Thornton, Assistant Attorney General, for the Appellee, State of Tennessee.

**OPINION**

Prior to trial, the Petitioner pleaded guilty to the charge of attempted especially aggravated robbery and received a sentence of eight years. See State v. Jeffery T. Siler, No. E2000-01570-CCA-R3-CD, 2001 WL 387088, at *1 (Tenn. Crim. App., at Knoxville, Apr. 17, 2001).  A Knox County jury subsequently found the Petitioner guilty of the felony murder charge. See id.  He received a life sentence that was to be served concurrently to his eight-year sentence for the attempted especially aggravated robbery conviction. See id.  The Petitioner's convictions were affirmed on direct appeal, and the Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure. See id.

On February 13, 2009, the Petitioner filed a petition for post-conviction relief, claiming, among other things, that: (1) his conviction was based on a coerced confession; (2) his conviction was based on a violation of the privilege of self-incrimination; (3) he received ineffective assistance of counsel at trial; (4) he had newly discovered evidence; (5) his attorney failed to appeal to the Tennessee Supreme Court after his convictions were affirmed on direct appeal; (6) his attorney failed to withdraw following the direct appeal; (7) he had a right to a delayed appeal because his attorney failed to appeal his case to the Tennessee Supreme Court after his convictions were affirmed on direct appeal and because his attorney failed to withdraw after the direct appeal; (8) he received ineffective assistance of counsel at his transfer hearing; (9) his attorney was ineffective for failing to argue he was incompetent because of involuntary intoxication from prescribed medicatons and for failing to assert the defense of involuntary intoxication; (10) his attorney was ineffective for failing to investigate his psychiatric history and for failing to include this history in a motion to suppress his pretrial statements; (11) his attorney was ineffective for failing to hire an expert to support the defense of involuntary intoxication from prescribed medications which established his actual innocence; (12) his attorney was ineffective for failing to argue the Petitioner was insane at the time of the homicide and for failing to hire an expert to support the defense of insanity; (13) the grand jury that returned the indictment against him was unconstitutionally selected because it did not reflect a cross-section of the community and his attorney was ineffective for failing to raise this issue; (14) the State committed prosecutorial misconduct by making inflammatory comments about the Petitioner, the evidence, and the crime, and by implying that the Petitioner would commit other crimes if the jury did not convict him; and (15) the trial court erred by allowing "irrelevant, inadmissible, and false evidence" to be presented to the jury, by failing to charge the jury on all applicable defenses, and by failing to charge the jury on all lesser-included offenses. On February 20, 2009, the post-conviction court summarily dismissed the petition as untimely. The post-conviction court's order did not address whether due process required tolling of the statute of limitations period. On March 2, 2009, the Petitioner filed a notice of appeal.

In the opinion on direct appeal, this court provided a summary of the underlying facts in this case:

> On February 19, 1998, the fifteen-year-old defendant and fifteen-year-old Lavon Davis were riding with Jason Copley. Davis stated that he was "looking for a lick," meaning someone to rob. Upon seeing fifty-six-year-old Tommy Haworth, the victim, walking down the street, they decided to rob him. The defendant agreed to take Davis' pistol, and Davis and the defendant exited the vehicle and followed the victim to his residence. There, the defendant confronted the victim and asked him for money. The victim replied that he had none. The defendant then cocked the pistol, and it

fired. The victim was hit in the face with the bullet and died as a result of this gunshot wound.

The defendant and Davis fled the scene, and the defendant threw the empty shell casing into a storm drain. Copley, who had remained in the vehicle, stayed at the scene and told someone to call 911.

The defendant and Davis were subsequently arrested, and the defendant confessed his involvement in the offense. In his statement the defendant contended the gun went off accidentally during the attempted robbery, and he did not intend to shoot the victim. An analysis of the shell casing found in the storm drain and the projectile recovered in the victim's toboggan revealed they were fired from the pistol recovered from Davis' coat pocket. The defendant's fingerprints were also found on the door of the victim's residence.

The defendant was transferred from juvenile court to the Criminal Court for Knox County and indicted in Count 1 for first degree murder during the perpetration of an attempted especially aggravated robbery and in Count 2 for attempted especially aggravated robbery. On the morning of trial, the defendant entered a guilty plea to attempted especially aggravated robbery, and the case was tried before a jury on the felony murder charge. The jury found the defendant guilty of felony murder. The defendant was sentenced to concurrent sentences of life for felony murder and eight years for attempted especially aggravated robbery.

Id. at *1 (internal footnote omitted).

On appeal, the Petitioner argues that the post-conviction court erred in dismissing his petition for post-conviction relief as untimely. He also contends that due process considerations should toll the post-conviction statute in light of his counsel's failure to appeal his case to the Tennessee Supreme Court after his convictions were affirmed on direct appeal, his counsel's failure to withdraw as counsel pursuant to Tennessee Supreme Court Rule 14, and his counsel's failure to argue that he was incompetent because of involuntary intoxication and failure to assert the defense of involuntary intoxication at trial. As explanation for his untimely filing, the Petitioner claims in his appellate brief that his "multiple mental health diagnoses" including "mental retardation" prevented him from determining how much time it would take for the Tennessee Supreme Court to grant or deny counsel's promised application for permission to appeal. See Tenn. R. App. P. 11. Finally, the Petitioner argues that he should be given a delayed appeal to the Tennessee Supreme Court because of these due process violations. See Tenn. Sup. Ct. R. 28, § 9(D)(1)(b). In

response, the State argues that the Petitioner's claims do not qualify as exceptions to the statute of limitations, that the post-conviction court properly dismissed his petition as untimely, and that he is not entitled to a delayed appeal based on due process concerns.

Regarding counsel's failure to appeal his case following the direct appeal, the Petitioner cites to counsel's April 19, 2001 letter to him, wherein counsel stated:

> Your appeal was denied by the Court of Criminal Appeals. I shall ask for permission to appeal to the Tennessee Supreme Court, unless you instruct me otherwise within the next ten (10) days. A copy of the Court's opinion is enclosed.
>
> If I do not hear from you within the next ten (10) days, I shall prepare a Request for Permission to Appeal to the Supreme Court of Tennessee. While I do not think permission to appeal will be granted, I believe it is obviously in your best interest for me to ask on your behalf. Thank you for the opportunity to represent you in this matter.

The Petitioner also cites to counsel's November 4, 2008 letter to the Board of Professional Responsibility, wherein counsel stated: "The Court of Criminal Appeals denied Mr. Siler's appeal, and he did not contact me within thirty (30) days, orally or in writing, to appeal to the Supreme Court."

Regarding counsel's failure to withdraw pursuant to Tennessee Supreme Court Rule 14, the Petitioner cites to the response he received from Becky Doyal, the Deputy Clerk of the Courts of the State of Tennessee, wherein she stated:

> Your question: "Did [counsel] file a motion to withdraw on your behalf[."] If you are asking if [counsel] filed a motion to withdraw as your attorney, the answer is no. If you are asking[] if [counsel] filed a motion to withdraw the appeal, the answer is no.

The Petitioner included copies of counsel's April 19, 2001 letter, counsel's November 4, 2008 letter to the Board of Professional Responsibility, and the response from the Deputy Clerk of the Courts of the State of Tennessee as exhibits to his petition for post-conviction relief.

Finally, regarding counsel's failure to assert competency or defense arguments based on involuntary intoxication, the Petitioner argues:

The Petitioner had available as a defense at trial and also as a competency issue the fact that he was [intoxicated] from the ingestion of . . .[the] medically prescribed drugs[, Moban and Prozac]. The Petitioner contends that this intoxication constitutes a valid defense that was overlooked by defense counsel. The prescribed medications were taken pursuant to medical advice and without [the Petitioner's] knowledge of [their] potentially intoxicating effects. . . . Petitioner contends that due to the ingestion of the aforementioned prescription drugs he was unexpectedly intoxicated to the point of unconsciousness, incapable of controlling his actions, and thus not criminally responsible for his actions. Because the Petitioner was unaware of the potential for his medications to produce abnormal thought processes and behavior, and because [they were] medically prescribed to him, the petitioner's condition qualified as involuntary intoxication. See T.C.A. § 39-11-503(c). As a result of the aforementioned prescribed medication-induced physical disorder of the brain, the Petitioner was (1) unable to exercise his customary moral judgment, (2) unable to control his violent impulses, (3) unable to appreciate the consequences of his violent actions, and (4) unable to appreciate right and wrong in regard to what he was doing at the time of the homicide.

"[A] person in custody under a sentence of a court of this state must petition for post-conviction relief within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final. . ." T.C.A. § 40-30-102(a) (2006). The statute explicitly states, "The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Id. It further stresses that "[t]ime is of the essence of the right to file a petition for post-conviction relief or motion to reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. See id. § 40-30-106(b) (2006). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." Id. § 40-30-109(a) (2006). Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." Martucci v. State, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (citing T.C.A. § 40-30-109; Stokely v. State, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

Tennessee Code Annotated section 40-30-102(b) (2006) sets out three exceptions to the statute of limitations for petitions for post-conviction relief:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

Additionally, due process concerns may toll the statute of limitations for post-conviction relief. The Tennessee Supreme Court concluded:

[B]efore a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner.

Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 102 S. Ct. 1148, 1158-59 (1982)).

Here, the Petitioner was required to file his petition for post-conviction relief within one year of April 17, 2001, the date that the Tennessee Court of Criminal Appeals affirmed his convictions on direct appeal, which was the final action of the highest state appellate court to which an appeal was taken in his case. See T.C.A. § 40-30-102(a) (2006). The Petitioner does not list any ground that would make him eligible for the exceptions to the one-year statute of limitations. See id. § 40-30-102(b) (2006). However, regarding counsel's failure to appeal to the Tennessee Supreme Court after his direct appeal and counsel's failure to withdraw as

counsel, he relies on Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001), for the proposition that due process considerations should toll the one-year statute of limitations for filing his petition for post-conviction relief. In Williams, the Tennessee Supreme Court stressed that in limited circumstances an attorney's misrepresentation to a petitioner could result in a tolling of the statute of limitations for due process concerns:

> [W]e are not holding that a petitioner may be excused from filing an untimely post-conviction petition as a result of counsel's negligence. Instead, the focus here is . . . upon trial and appellate counsel's alleged misrepresentation in failing to . . . notify the petitioner that no application for permission to appeal would be filed in [the Tennessee Supreme] Court.

Williams, 44 S.W.3d. at 468 n.7. In Craig Robert Nunn, this court agreed that "[t]he Williams decision is not intended to require a hearing on due process concerns every time a petitioner alleges that the untimeliness of his petition is due to his trial or appellate counsel's negligence." Craig Robert Nunn v. State, No. M2005-01404-CCA-R3-PC, 2006 WL 680900, at *5 (Tenn. Crim. App., at Nashville, Mar. 17, 2006) (citing Bronzo Gosnell, Jr. v. State, No. E2004-02654-CCA-R3-PC, 2005 WL 1996629, at *4 (Tenn. Crim. App., at Knoxville, Aug. 19, 2005), perm. to appeal denied (Tenn. Dec. 19, 2005)). However, this court explained that the facts in the Williams case necessitated an evidentiary hearing:

> In Williams, the inmate/petitioner averred that he believed trial counsel was continuing to represent him through the appeals process. The court remanded for an evidentiary hearing on grounds that the inmate/petitioner might "have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of counsel."

Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393, at *3 (Tenn. Crim. App., Nashville, Oct. 17, 2001) (quoting Williams, 44 S.W.3d at 468) (emphasis added)), perm. to appeal denied (Tenn. Apr. 8, 2002). Ultimately, the court in Williams remanded the appellee's case to the trial court for an evidentiary hearing to determine:

> (1) whether due process tolled the statute of limitations so as to give the appellee a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the appellee's filing of the post-conviction petition . . . was within the reasonable opportunity afforded by the due process tolling.

Williams, 44 S.W.3d. at 471. The Williams court then held that if the trial court determined that the statute of limitations should be tolled and that the appellee had filed his petition for post-conviction relief within the "reasonable opportunity afforded by the due process tolling" then the trial court would have "jurisdiction to determine whether Williams was deprived of his right to request pro se Supreme Court review under Rule 11 of the Tennessee Rules of Appellate Procedure." Id. at 472 (citing Tenn. Sup. Ct. R. 28, § 9(D)).

Although the Petitioner does not specifically cite State v. Nix, 40 S.W.3d 459 (Tenn. 2001), we think this case is also particularly relevant, given the Petitioner's claim in his appellate brief that his mental conditions prevented him from determining how much time it would take for the Tennessee Supreme Court to grant or deny counsel's promised application for permission to appeal. Prior to Nix, the Tennessee Supreme Court, following the holding in Watkins v. State, 903 S.W.2d 302, 307 (Tenn. 1995), concluded that "mental incompetency, if established, tolled the statute of limitations." Seals v. State, 23 S.W.3d, 272, 279 (Tenn. 2000). The court further held that the statute of limitations for post-conviction relief should not deny a Petitioner the right to raise a claim in a meaningful time and manner:

> [W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner. Thus, a petitioner who is mentally incompetent is denied an opportunity to raise a claim in a meaningful manner unless the statute of limitations is tolled during the period of mental incompetence.

Id. Less than a year later, the Tennessee Supreme Court held that the Watkins and Seals cases did not specify the standard of mental incompetence that a petitioner must satisfy in order for due process concerns to toll the statute of limitations for post-conviction relief. Nix, 40 S.W.3d at 463. Ultimately, the court held:

> We emphasize that to make a prima facie showing of incompetence requiring tolling of the limitations period, a post-conviction petition must include specific factual allegations that demonstrate the petitioner's inability to manage his personal affairs or understand his legal rights and liabilities. Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and prevent summary dismissal under Tenn. Code Ann. § 40-30-206(b) & (f).

Id. at 464-65.

On appeal, the Petitioner contends that counsel violated his due process rights by failing to appeal his case to the Tennessee Supreme Court after his convictions were affirmed on direct appeal, by failing to withdraw as counsel pursuant to Tennessee Supreme Court Rule 14, and by failing to argue that he was incompetent because of involuntary intoxication and failing to assert involuntary intoxication as a defense at trial. We recognize that the petition for post-conviction relief was not filed until February 13, 2009, nearly seven years after the expiration of the one-year statute of limitations. In addition, based on the record, the Petitioner's February 13, 2009 petition appears to be the first time he has argued that due process concerns should toll the one-year statute of limitations. See Richard A. Emmitt v. State, No. M2004-00564-CCA-R3-PC, 2005 WL 639133, at *6 (Tenn. Crim. App., Nashville, Mar. 16, 2005) (concluding that the trial court's dismissal was proper where the Petitioner waited eighteen years after his convictions became final before filing a petition for post-conviction relief and before requesting a delayed appeal to the Tennessee Supreme Court), perm. to appeal denied (Tenn. June 27, 2005). However, as explanation for his lengthy delay in filing his post-conviction, the Petitioner argues in his appellate brief but not in his petition for post-conviction relief that his "multiple mental health diagnoses" including "mental retardation" prevented him from determining how much time it would take for the Tennessee Supreme Court to grant or deny counsel's promised application for permission to appeal. The Petitioner further asserts, on appeal and in his post-conviction petition, that he lived in a psychiatric institution nearly his entire childhood and that he was receiving Social Security benefits for a mental disability and was taking the prescriptions Moban and Prozac for schizophrenia at the time of the homicide in this case. He attached medical records documenting his mental conditions from his early childhood to his petition; however, there are no records showing his condition after trial.

Upon our review of the record, we conclude that the post-conviction court erred in dismissing the petition without conducting a hearing to make determinations as outlined in Williams. See Eric Wright v. State, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *2 (Tenn.Crim.App., at Jackson, Dec. 17, 2001). Here, the Petitioner attached a letter from counsel as proof of counsel's intent to file for a Rule 11 appeal as well as a letter from the court clerk as proof of counsel's failure to properly withdraw from his case. Before dismissing the petition as untimely, Williams required the trial court to conduct a hearing to determine if "in fact, [the petitioner] [was] misled to believe that counsel was continuing the appeals process, thereby requiring the tolling of the limitations period." Williams, 44 S.W.3d at 471; see also Shelvy Baker v. State, 2008 WL 2648957, at 2 (Tenn.Crim.App. 2008) (concluding that petitioner's allegations that counsel "(1) failed to notify the Petitioner that counsel did not intend to file a Rule 11 application for permission to appeal; (2) failed to formally withdraw as the attorney of record or otherwise failed to inform the Petitioner of counsel's withdraw; and (3) counsel assured 'the Petitioner that he would take the case all the way to the Tennessee Supreme Court'" required a Williams based evidentiary hearing).

Accordingly, we are constrained to reverse the post-conviction court's summary dismissal of the petition and remand for an evidentiary hearing. On remand, the post-conviction court is required to determine

> (1) whether due process tolled the statute of limitations so as to give the [Petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [Petitioner's] filing of the post-conviction petition in [February 2009] was within the reasonable opportunity afforded by the due process tolling.

Williams, 44 S.W.3d at 471. In addition, on remand, the trial court should consider the Petitioner's claims regarding his mental condition against the standard for mental competency established in State v. Nix, 40 S.W.3d 459, 464 (Tenn. 2001).

## CONCLUSION

We reverse the post-conviction court's summary dismissal of the Petitioner's petition for post-conviction relief and remand for further proceedings consistent with this opinion.

_____
CAMILLE R. McMULLEN, JUDGE