IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 24, 2011

**BILLY F. JOHNSON v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2000-B-1103    Seth Norman, Judge**

**No. M2010-02099-CCA-R3-PC - Filed September 22, 2011**

In 2000, a Davidson County jury convicted the Petitioner, Billy F. Johnson, of felony murder, first degree murder, and theft, and the trial court sentenced him to an effective sentence of life imprisonment plus two years. In 2010, the Petitioner filed a *pro se* petition for post-conviction relief, and the post-conviction court summarily dismissed the petition, concluding that his petition was not filed within the applicable statute of limitations. On appeal, the Petitioner contends that he was mentally incompetent and unable to timely proceed with his petition, and, as a result, the post-conviction court erred when it dismissed his petition. After thoroughly reviewing the record and the applicable authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Billy F. Johnson, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General, and Pamela S. Anderson, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**
**I. Procedural History**

On July 12, 2000, a jury convicted the Petitioner of felony murder, first degree murder, and theft. On direct appeal, the Petitioner challenged the convictions. This Court affirmed the convictions and life sentence, and the Supreme Court denied his application for

permission to appeal. *State v. Billy F. Johnson*, No. M2001-00330-CCA-R3-CD, 2003 WL 358251 (Tenn. Crim. App., Feb. 18, 2003), *perm. app. denied*, (Tenn., Sept. 2, 2003). The Petitioner then filed a petition for the writ of habeas corpus in Federal court on March 14, 2006. The Federal court conducted an evidentiary hearing and found sufficient grounds to support proceeding with the Petitioner's petition. Subsequently, the State of Tennessee, on the Warden's behalf and as the Respondent, filed a motion to dismiss, and the Petitioner filed a response. The Federal court granted the motion to dismiss and dismissed the Petitioner's petition on March 26, 2010. On August 20, 2010, the Petitioner filed a petition for post-conviction relief. On September 14, 2010, the trial court dismissed the petition without a hearing, citing the Petitioner's failure to file within the limitations period. The Petitioner now appeals from this judgment.

## II. Analysis

On appeal, the Petitioner argues that the post-conviction court erred when it dismissed his petition for post-conviction relief based upon the one-year statute of limitations and when it failed to grant him an evidentiary hearing. He asserts that due process requires the tolling of the post-conviction limitations period because of his mental incompetency and that the trial court erred when it denied him the opportunity for him to present a claim in a meaningful manner. The State argues that the trial court properly dismissed the petition as time-barred.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

Tennessee Code Annotated section 40-30-102(a), which provides the limitation on the filing of petitions for post-conviction relief, reads in part:

> [A] person in custody under a sentence of a court of this state must petition
> for post-conviction relief under this part within one (1) year of the date of the
> final action of the highest appellate court to which an appeal is taken or, if no
> appeal is taken, within one (1) year of the date on which the judgment became

final, or consideration of the petition shall be barred.

The statute then lists circumstances under which the statute of limitations may be tolled.

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

T.C.A. § 40-30-102(b) (2006).

Tennessee courts have previously recognized that, in certain circumstances, strict application of the statute of limitations would deny a defendant the reasonable opportunity to bring a post-conviction claim, and, in these instances, due process requires the tolling of the statute of limitations. *See Crawford v. State*, 151 S.W.3d 179 (Tenn. Crim. App. 2004); *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

In *Nix*, our Supreme Court held that "due process requires tolling of the post-conviction statute of limitations only if a petitioner shows that he is unable either to manage his personal affairs or to understand his legal rights and liabilities." *Nix*, 40 S.W.3d at 463. The petitioner must make a *prima facie* showing of mental illness, which requires that the petitioner state in the petition specific factual allegations regarding his or her inability to manage personal affairs or understand legal rights or liabilities. The petitioner may satisfy this requirement by attaching affidavits, depositions, reports, or other credible evidence of his or her mental condition to the petition. *Id.* at 464. It is not necessary that the petitioner use materials from mental health professionals, but, instead, the petitioner may call upon anyone with knowledge of his or her mental condition such as family members or prison officials. *Id.* "Unsupported, conclusory, or general allegations of mental illness will not be sufficient to require tolling and avoid summary dismissal under Tenn. Code Ann. §§ 40-30-206(b) &

(f)." *Id.* (citing *Van Tran v. State*, 6 S.W.3d 257, 268 (Tenn. 1999) (holding that unsupported assertions of incompetency to be executed are not sufficient to meet the required threshold showing); *State v. Barnett*, 909 S.W.2d 423, 431 (Tenn. 1995) (holding that unsupported assertions that expert services are needed are insufficient to entitle a defendant to a hearing). "Even if a petitioner satisfies the *prima facie* showing at the hearing, the petitioner bears the burden of proving by clear and convincing evidence that the statute of limitations should be tolled for incompetence, and that as a result of the tolling, the petition is timely." *Id.* (citing T.C.A. § 40-3-210 (f) (2006) ("The petitioner shall have the burden of proving the allegations of fact by clear and convincing evidence."). If this burden is not satisfied, the petition should be dismissed as time-barred. *Id.* at 465.

Finally, in the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the trial court is required to summarily dismiss the petition. *See* T.C.A. § 40-30-106(b) (2006). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." T.C.A. § 40-30-109(a) (2006). Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." *Martucci v. State*, 872 S.W.2d 947, 949 (Tenn.Crim.App.1993) (citing T.C.A. § 40-30-109 (2006); *Stokely v. State*, 470 S.W.2d 37, 39 (Tenn.Crim.App.1971)).

In the instant matter, the final action in the Petitioner's case occurred on September 2, 2003, when the Tennessee Supreme Court denied his writ of certiorari. The Petitioner filed this petition on August 20, 2010, nearly seven years after the final action taken on his case. As a result, his petition for post-conviction relief is untimely, and the trial court properly dismissed the petition without conducting a hearing.

Further, the Petitioner offers no support for his mental incompetence claims, providing no specific allegations to make a *prima facie* case that he is currently, or for the last seven years has been, unable either to manage his personal affairs or to understand his legal rights and liabilities. The Petitioner contends that due process requires tolling for incompetency solely upon his assertion of a mental illness. As our Supreme Court recognized in *Nix*, "mental illness is not the equivalent of mental incompetence." *Nix*, 40 S.W.3d at 463. Without satisfying the requirement of the *prima facie* showing, the Petitioner did not establish that due process required the tolling of the statute. Therefore, the trial court correctly dismissed the Petitioner's petition for post-conviction relief. As further support for our holding, and as noted by the trial judge in his order denying the petition for post-conviction relief, the Petitioner alleged mental incompetence in his Federal petition for writ of habeas corpus, which the Petitioner filed more than four years  before filing this post-conviction petition. The Petitioner directly presented his claim of mental incompetence to the Federal court, and he provides no reasoning as to his inability to also present such an issue in a timely

manner in a petition for post-conviction relief. As a result, the trial court correctly dismissed the Petitioner's petition for post-conviction relief as time-barred.

### III. Conclusion

Because the Petitioner filed his petition outside the statute of limitations, which eliminated the need to conduct a hearing on the matter, and due process does not require the tolling of the statute of limitations, the trial court properly dismissed the post-conviction petition as time-barred. In accordance with the foregoing reasoning and authorities, we affirm the judgment of post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE