IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 21, 2012

**LAWRENCE RALPH, JR. v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Warren County**
**Nos. 13156PC, 13157PC, 13159PC 13160PC, 13161PC   Larry B. Stanley, Jr., Judge**

**No. M2011-01522-CCA-R3-PC - Filed April 18, 2012**

Between the years of 1988 and 1996, the Petitioner, Lawrence David Ralph, Jr., pled guilty to the offenses of public drunkenness, resisting arrest, interfering with the duties of a police officer, disturbing the peace, two counts of assault, driving under the influence, and harassment. On May 17, 2011, the Petitioner filed five separate *pro se* petitions for post-conviction relief. In five separate orders, the post-conviction court summarily denied relief, concluding that the petitions were not filed within the applicable statute of limitations. On appeal, the Petitioner contends the post-conviction court erred when it summarily dismissed his petitions. After thoroughly reviewing the record and the applicable authorities, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROGER A. PAGE, JJ., joined.

Lawrence Ralph, Jr., Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Lisa Zavagiannis, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Procedural History**

The Petitioner challenges his convictions for offenses he committed between the years of 1988 and 1996. The following is a summary of those convictions: In 1988, the Petitioner was convicted of public drunkenness and resisting arrest. For the public drunkenness charge, the Petitioner included a copy of the judgment of conviction, dated October 11, 1988; however, he did not include a judgment of conviction form for the resisting arrest charge. On July 31, 1990, the Petitioner was convicted of disturbing the peace and interfering with the duties of a police officer. On April 20, 1993, the Petitioner was convicted of two counts of assault. On July 27, 1993, the Petitioner was convicted of driving under the influence. Lastly, on July 23, 1996, the Petitioner was convicted of harassment.

On May 17, 2011, the Petitioner filed five separate petitions for post-conviction relief. On May 19, 2011, the post-conviction court entered five separate orders summarily denying the petitions without a hearing, stating that "the statute of limitations has lapsed pursuant to Tennessee Code Annotated § 40-30-102." The Petitioner now appeals from those judgments.

## II. Analysis

On appeal, the Petitioner argues that the post-conviction court erred when it summarily dismissed his petitions for post-conviction relief. The Petitioner contends that his claims for relief are not barred by the statute of limitations because his prior convictions were used in a later case to enhance his sentence. The State argues that the post-conviction court correctly summarily dismissed the petitions because the Petitioner filed them beyond the statute of limitations. Further, the State argues that the Petitioner's contentions do not require a tolling of the statue of limitations because no exceptions to the limitations period apply to the Petitioner's case. We agree with the State.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

Tennessee's Post-Conviction Procedure Act provides the limitation period for filing petitions for post-conviction relief:

[A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

T.C.A § 40-30-102(a) (2006).

In the event that a petitioner files a petition for post-conviction relief outside the one-year statute of limitations, the post-conviction court is required to summarily dismiss the petition. *See* T.C.A. § 40-30-106(b) (2006). Similarly, "[i]f, on reviewing the petition, the response, files, and records, the court determines conclusively that the petitioner is entitled to no relief, the court shall dismiss the petition." T.C.A. § 40-30-109(a) (2006). Furthermore, "[i]f and when a petition is competently drafted and all pleadings, files and records of the case conclusively show that the petitioner is entitled to no relief the court may properly dismiss the petition without the appointment of counsel or conducting a hearing." *Martucci v. State*, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (citing T.C.A. § 40-30-109 (2006); *Stokely v. State*, 470 S.W.2d 37, 39 (Tenn. Crim. App. 1971)).

The Post-Conviction Procedure Act lists circumstances under which the statute of limitations may be tolled:

No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid.

T.C.A. § 40-30-102(b)(1)-(3) (2006).

Tennessee courts have previously recognized that, in certain circumstances, strict

application of the statute of limitations would deny a defendant the reasonable opportunity to bring a post-conviction claim, and, in these instances, due process requires the tolling of the statute of limitations. *See Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *State v. Nix*, 40 S.W.3d 459 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992); *Crawford v. State*, 151 S.W.3d 179 (Tenn. Crim. App. 2004).

As mentioned above, a petition for post-conviction relief must be filed within one year of the date of the final action of the highest state appellate court to which an appeal is taken. *See* T.C.A. § 40-30-102(a) (2006). In his first petition for post-conviction relief, the Petitioner addressed his convictions for public drunkenness and resisting arrest. The Petitioner pled guilty to both offenses. The Petitioner only attached the judgment regarding his public drunkenness conviction, dated October 11, 1988, to his petition. The Petitioner did not appeal that guilty plea, making the judgment final thirty days later on November 11, 1988. The Petitioner had one year from that date to file a petition for post-conviction relief. His petition was not filed until May 17, 2011, well beyond the limitations period. Further, his petition does not meet the requirements necessary to toll the limitations period. Therefore, the statute of limitations bars consideration of the this petition. T.C.A. § 40-30-102(a) (2006). Regarding the resisting arrest conviction, the Petitioner failed to attach a copy of the judgment or include the date of that judgment in his petition. The Petitioner, however, did indicate that he pled guilty to two counts, suggesting that both cases were adjudicated on the same day. Nonetheless, it is well-settled that the Petitioner has the burden of preparing an adequate record in order to allow meaningful review on appeal. *See* Tenn. R. App. P. 24(a)-(b); *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983); *State v. Roberts*, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988). In the absence of an adequate record, this Court must presume that the trial court's ruling was supported by the evidence. *State v. Bibbs*, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991). Therefore, regarding both convictions, the post-conviction court properly concluded that the petition was untimely and summarily dismissed the petition. Further, his petition does not meet the requirements necessary to toll the limitations period. The Petitioner is not entitled to relief as to this issue.

In his second petition for post-conviction relief, the Petitioner addressed his convictions for disturbing the peace and interfering with the duties of a police officer. He pled guilty to both offenses, and the trial court entered judgments of conviction on July 31, 1990. The Petitioner did not appeal his guilty pleas, and the judgments became final thirty days later on August 31, 1990. The Petitioner then had one year from that date to file a petition for post-conviction relief. The Petitioner did not file his petition until May 17, 2011, well beyond the limitations period. As a result, the statute of limitations barred consideration of the petition. T.C.A. § 40-30-102(a) (2006). Further, we find that his petition does not meet the requirements necessary to toll the limitations period. Therefore, the post-conviction court properly dismissed the petition, and the Petitioner is not entitled to relief as to this issue.

In his third petition for post-conviction relief, the Petitioner included judgments for two

counts of assault. One judgment of conviction was dated April 20, 1993, and the other was undated. In his petition, however, the Petitioner indicated that he pled guilty to both counts of assault on April 20, 1993. As outlined above, because the Petitioner did not appeal his guilty pleas, the judgments became final on May 20, 1993. The Petitioner failed to file his petition for post-conviction relief one year after the judgments became final; instead, he filed his petition on May 17, 2011, which was many years after the limitations period. In addition, the petition does not meet the requirements necessary to toll the limitations period. As a result, the statute of limitations barred consideration of the petition. T.C.A. § 40-30-102(a) (2006). The post-conviction court did not err in dismissing the petition. The Petitioner is not entitled to relief as to this issue.

In the Petitioner's fourth petition for post-conviction relief, he addressed his conviction for driving under the influence. He pled guilty to the offense and included a copy of the judgment, dated July 27, 1993. As with his previous petitions, the Petitioner filed the petition well after the limitations period. He did not appeal his guilty plea on that offense, making the judgment of conviction final on July 27, 1993. The Petitioner had one year from that date to file his petition for post-conviction relief. He did not file the petition until May 17, 2011. Therefore, the post-conviction court properly dismissed the petition. Additionally, the petition does not meet the requirements necessary to toll the limitations period. The Petitioner also argues that this conviction is invalid on its face because the trial court did not sign the judgment form. A trial court's failure to sign the judgment form, however, does not render the conviction void. *See Tyrus A. Rogers v. David Mills, Warden*, No. W2005-01920-CCA-R3-HC, 2006 WL 119560, at *1 (Tenn. Crim. App. Jan. 17, 2006) (internal citations omitted) ("It is well-settled law that a trial judge's failure to sign a judgment does not give rise to a claim for relief under habeas corpus proceedings."). The Petitioner is not entitled to relief as to this issue.

In the Petitioner's fifth and final petition for post-conviction relief, he addressed his conviction for harassment. The Petitioner did not include the judgment of conviction, but did include a copy of the affidavit of complaint for the harassment charge, dated July 16, 1996. The Petitioner, however, indicated in the petition that the date of the judgment of conviction was July 23, 1996. Again, as outlined above, because the Petitioner did not appeal his guilty plea, the judgment became final on August 23, 1996. The Petitioner had one year from that date to file a petition for post-conviction relief. The Petitioner did not file his petition until May 17, 2011, well beyond the limitations period. Therefore, the statute of limitations barred consideration of the petition. T.C.A. § 40-30-102(a) (2006). Further, his petition does not meet the requirements necessary to toll the limitations period. As a result, the post-conviction court properly dismissed the petition, and the Petitioner is not entitled to relief as to this issue.

Lastly, the statute of limitations may only be tolled under certain circumstances, as outlined in Tennessee Code Annotated section 40-30-102(b)(1)-(3). The Petitioner argues that the last of the three exceptions applies to his case, stating that the "cases were used for

enhancement of punishment" in subsequent cases against him. The Petitioner, however, provided no evidence to show that the underlying convictions were either unfounded or subsequently found to be invalid. Therefore, the exception does not apply, and we affirm the judgments of the post-conviction court.

### III. Conclusion

Because the Petitioner filed his petitions outside the statute of limitations, which eliminated the need to conduct hearings, and due process does not require the tolling of the statute of limitations, the trial court properly dismissed the post-conviction petitions as time-barred. In accordance with the foregoing reasoning and authorities, we affirm the judgments of post-conviction court.

_____
ROBERT W. WEDEMEYER, JUDGE